United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITITGATION / | No. M 07-1827 SI<br>MDL. No. 1827 |
| This Order Relates to:<br><br>*AT&T Mobility LLC v. AU Optronics Corp., et al.,* C 09-4997 SI<br><br>*Best Buy Co., Inc. v. AU Optronics Corp., et al.,* C 10-4572 SI<br><br>*Costco Wholesale Corp. v. AU Optronics Corp., et al.,* C 11-0058 SI<br><br>*Dell, Inc. and Dell Products, L.P. v. Sharp Corp., et al.,* C 10-1064 SI<br><br>*Electrograph Systems, Inc. v. Epson Imaging Devices Corp., et al.,* C 10-0117 SI<br><br>*Motorola Mobility, Inc., et al. v. AU Optronics Corp., et al.,* C 09-5840 SI<br><br>*Nokia Corp. et al. v. AU Optronics Corp., et al.,* C 09-5609 SI<br><br>*Target Corp. v. AU Optronics Corp., et al.,* C 10-4945 SI / | Case Nos.: C 09-4997 SI; C 10-4572 SI; C 11-0058 SI; C 10-1064 SI; C 10-0117 SI; C 09-5840 SI; C 09-5609 SI; 10-4945 SI<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' JOINT MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO NONPARTY CO-CONSPIRATORS** |

On October 23, 2012, the Court held a hearing on defendants' joint motion for partial summary judgment as to nonparty co-conspirators. For the reasons set forth in this order, defendants' motion is GRANTED IN PART AND DENIED IN PART. Docket No. 6029.

Defendants have moved for partial summary judgment as to claims arising out of plaintiffs'

purchases from certain alleged nonparty co-conspirators.[1] Relying on *In re Citric Acid Litigation*, 995 F. Supp. 951 (N.D. Cal. 1998), *aff'd* 191 F.3d 1090 (9th Cir. 1999), defendants contend that there is no direct evidence that these nonparty entities participated in the alleged price-fixing conspiracy, and that any circumstantial evidence of their participation does not tend to exclude the possibility that they acted independently.

Viewed in the light most favorable to plaintiffs, as is required on motions for summary judgment, the Court concludes that there is admissible evidence from which a jury could conclude that Mitsubishi, Fujitsu, IPS Alpha, and Panasonic participated in the price-fixing conspiracy. *See In re Citric Acid Litigation*, 191 F.3d at 1096 (9th Cir. 1999) (stating standard on summary judgment). Plaintiffs have submitted, *inter alia*, documents and deposition testimony showing that a Mitsubishi representative attended price-fixing meetings, as well as notes from a 2001 price-fixing meeting stating that "[s]ome Japanese companies like Fujitsu, Toshiba, and Mitsubishi will subtly cooperate." Weiss Decl. Ex. 12. During the alleged conspiracy, IPS Alpha was created by and remained controlled and operated by Panasonic, Toshiba, and Hitachi, and IPS Alpha's president (who also served as Hitachi's president) attended a number of price-fixing meetings. Plaintiffs have also submitted evidence showing that representatives from Panasonic, which was formerly Matsushita Electric, exchanged pricing and other proprietary LCD panel information with defendants. This evidence is sufficient to raise a triable issue of fact to defeat summary judgment.

With regard to LG Electronics (Korea) ("LGE"), defendants contend that there is no evidence that LGE participated in the conspiracy after LGE stopped making LCD panels in 1998. Plaintiffs concede that LGE did not make LCD panels after 1998, but contend that there is evidence that LGE continued to participate in the alleged price-fixing conspiracy through its joint venture (and defendant) LG Display, which made LCD panels starting in 1999.[2] Plaintiffs have submitted evidence showing that LGE had

---

[1] The alleged nonparty co-conspirators are IPS Alpha Technology, Ltd., Fujitsu Limited, Fujitsu Display Technologies Corporation, LG Electronics, Inc. (based on sales after 1998), LG Electronics U.S.A., Inc., Mitsubishi Electric Corporation, Panasonic Corporation, Panasonic Corporation of North America, S-LCD Corporation, Innolux Display Corporation, and TPO Displays Corporation.

[2] The joint venture had several names, and was ultimately renamed LG Display. For simplicity, this order refers to the joint venture as LG Display.

2

control over LG Display's corporate decision making. *See* Weiss Decl. Ex. 37 (LGD Form 20-F at 16 ("Our two principal shareholders, LG Electronics and Philips Electronics, who together own about 89.1% of our voting stock, have significant influence over corporate decisions.")). The Court finds that plaintiffs have raised a triable issue of fact regarding LGE's involvement in the price-fixing conspiracy sufficient to defeat defendants' motion for summary judgment.

Plaintiffs concede that they have not submitted any evidence that S-LCD Corporation, LG Electronics U.S.A., Inc., Innolux Display Corporation, and TPO Displays Corporation participated in the alleged conspiracy. Instead, in their opposition and at the hearing on this motion, plaintiffs asserted that they may recover for their purchases from these companies under the "ownership or control" exception to *Illinois Brick*, as construed in *Royal Printing* and *In re ATM Fee*. However, whether plaintiffs may recover for their purchases from these companies under the "ownership or control" exception is a separate question from the issue presented by the instant motion. Accordingly, because plaintiffs have not submitted any evidence that these four companies participated in the alleged price-fixing conspiracy, the Court GRANTS defendants' motion for partial summary judgment as to these entities.

**IT IS SO ORDERED.**

Dated: November 6, 2012

SUSAN ILLSTON
United States District Judge