1   ROBERT E. FREITAS (SBN 80948)
        rfreitas@ftklaw.com
2   JASON S. ANGELL (SBN 221607)
        jangell@ftklaw.com
3   JESSICA N. LEAL (SBN 267232)
        jleal@ftklaw.com
4   QUYNHCHI P. NGUYEN (SBN 277832)
        qnguyen@ftklaw.com
5   FREITAS TSENG & KAUFMAN LLP
    100 Marine Parkway, Suite 200
6   Redwood Shores, California  94065
    Telephone:    (650) 593-6300
7   Facsimile:    (650) 593-6301

8   Attorneys for Defendant
    HannStar Display Corporation

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13  IN RE: TFT-LCD (FLAT PANEL)              No. 3:07-md-1827-SI
    ANTITRUST LITIGATION
14                                           **MDL No. 1827**

15

16
    *Best Buy Co., Inc., et al. v. AU Optronics Corp.,*   **HANNSTAR DISPLAY**
17  *et al.,* No. 10-cv-4572 SI                           **CORPORATION'S NOTICE OF**
                                                          **MOTION AND MOTION TO VACATE**
18  *Best Buy, et al. v. Toshiba, et al.,*                **JUDGMENT PURSUANT TO FED. R.**
    No. 12-cv-4114 SI                                     **CIV. P. 60(b)**
19
                                                          Date:    November 1, 2013
20                                                        Time:    9:00 a.m.
                                                          Courtroom 10, 19th Floor
21                                                        Judge:   Hon. Susan Illston

22

23

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION**

2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3

**PLEASE TAKE NOTICE** that on November 1, 2013, at 9:00 a.m., or as soon thereafter

4

as the matter may be heard, before The Honorable Susan Illston, defendant HannStar Display

5

Corporation ("HannStar") will, and hereby does, move this Court for an order vacating the

6

judgment entered on September 4, 2013 (Dkt. 8571) on the grounds (a) that judgment was entered

7

without consideration of the offset resulting from settlements made by the plaintiffs with other

8

parties, (b) that the judgment improperly awards damages to the Best Buy plaintiffs, and (c) that

9

judgment was incorrectly entered in favor of the Best Buy plaintiffs and against HannStar.

10

HannStar's motion is based on this notice, the pleadings and papers on file in this action,

11

and such other evidence and argument as may be presented at the hearing on the motion.

12

**MEMORANDUM OF POINTS AND AUTHORITIES**

13

HannStar Display Corporation ("HannStar") seeks an order vacating the judgment entered

14

in favor of "the Best Buy plaintiffs" and against HannStar on September 4, 2013 (Dkt. 8571).

15

The judgment awarded damages to the plaintiffs in the amount of $7,471,943, the amount set

16

forth in the jury's answer to Question 9, but judgment was entered without consideration of the

17

offset that results from settlements made by the plaintiffs with other parties.  HannStar believes it

18

to be undisputed that the settlement offset exceeds the trebled amount of the Question 9 total, and

19

that the plaintiffs are therefore not entitled to any damage recovery.

20

The judgment addresses both *Best Buy Co., Inc., et al. v. AU Optronics Corp., et al.,* No.

21

10-cv-4572 SI and *Best Buy, et al. v. Toshiba, et al.,* No. 12-cv-4114 SI in a single document.

22

This motion does not address the entry of judgment in favor of the Toshiba defendants.  HannStar

23

seeks to vacate the judgment only insofar as it includes resolution of the dispute between

24

HannStar and the plaintiffs in No. 10-cv-4572 SI without consideration of the settlement offset.

25

**I.      THE COURT SHOULD VACATE THE JUDGMENT.**

26

**A.      Legal Authority.**

27

There are six grounds on which a district court may relieve a party from a final judgment

28

under Federal Rule of Civil Procedure 60(b): (1) "mistake, inadvertence, surprise, or excusable

HANNSTAR'S NOTICE OF MOTION AND
MOTION TO VACATE JUDGMENT
NO. 07-MD-1827 SI; NO. 10-CV-4572 SI; NO. 12-CV-4114 SI

1   neglect;" (2) "newly discovered evidence that, with reasonable diligence, could not have been

2   discovered in time to move for a new trial under Rule 59(b);" (3) fraud (whether previously called

3   intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;" (4) "the judgment

4   is void;" (5) "the judgment has been satisfied, released or discharged; it is based on an earlier

5   judgment that has been reversed or vacated; or applying it prospectively is no longer equitable;"

6   and (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(1)-(6).  A motion under Rule

7   60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a

8   year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c).

9   If made within 28 days of the entry of judgment, the filing of a Rule 60 motion results in a

10  deferral of the time within which an appeal may be filed.  Fed. R. App. P. 4(a)(4)(A)(vi).

11          **B.      The Plaintiffs Are Not Entitled To An Award Of Damages.**

12          "Mistake" and "inadvertence" under Rule 60(b) include the mistake or inadvertence of a

13  court.  *See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999).

14  HannStar respectfully submits that the judgment was entered by mistake or inadvertence because

15  judgment was entered without consideration of the offset that results from the settlements the

16  plaintiffs made with other parties.

17          HannStar has received all but two of the settlement agreements between the plaintiffs and

18  other parties.  The remaining agreements were to have been produced yesterday, but were not.

19  When HannStar receives a complete collection of the settlement agreements, it will be prepared to

20  file a motion for entry of judgment in its favor and fully substantiate the amount of the settlement

21  offset.  There is no doubt and, HannStar believes, no dispute, that the settlement offset results in a

22  conclusion that the plaintiffs are not entitled to recover any damages from HannStar.  *See*

23  *Flintkote Co. v. Lysfjord*, 246 F.2d 368, 397-98 (9th Cir. 1957).  HannStar therefore requests that

24  the Court vacate the judgment, and order production of the remaining agreements.

25  **II.     CONCLUSION.**

26          For the foregoing reasons, HannStar requests that the Court grant its motion to vacate the

27  judgment.

28

HANNSTAR'S NOTICE OF MOTION AND
MOTION TO VACATE JUDGMENT
NO. 07-MD-1827 SI; NO. 10-CV-4572 SI; NO. 12-CV-4114 SI

1 | Dated: September 17, 2013 | FREITAS TSENG & KAUFMAN LLP

*/s/ Robert E. Freitas*
Robert E. Freitas
Attorney for Defendant
HannStar Display Corporation