1  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
   Roman M. Silberfeld, Bar No. 62783
2  RMSilberfeld@rkmc.com
   Bernice Conn, Bar No. 161594
3  BConn@rkmc.com
   Michael A. Geibelson, Bar No. 179970
4  MAGeibelson@rkmc.com
   David Martinez, Bar No. 193183
5  DMartinez@rkmc.com
   Laura E. Nelson, Bar No. 231856
6  LENelson@rkmc.com
   2049 Century Park East, Suite 3400
7  Los Angeles, CA 90067-3208
   Telephone: (310) 552-0130
8  Facsimile: (310) 229-5800

9

10 *Attorneys For Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.;*
11 *and Magnolia Hi-Fi, Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. 07-MD-1827 SI<br>MDL No. 1827 |
| This Document Relates To:<br>*Best Buy Co., Inc. v. AU Optronics Corp., et al.,*<br>Case No. 10-CV-4572 SI | Individual Cases:<br>Case No. 10-CV-4572<br><br>**THE BEST BUY PLAINTIFFS' NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR FEES AND COSTS**<br><br>Date: November 1, 2013<br>Time: 9:00 a.m.<br>Courtroom: 10, 19th Floor<br><br>The Honorable Susan Illston |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that on November 1, 2013 at 9:00 a.m. or as soon thereafter as the matter may be heard by the Honorable Susan Illston, Plaintiffs Best Buy Co., Best Buy Purchasing LLC, Best Buy Enterprise Services Inc., Best Buy Stores L.P., Bestbuy.com LLC, and Magnolia Hi-Fi, Inc. ("the Best Buy Plaintiffs") seek an order awarding the Best Buy Plaintiffs' their reasonable attorneys' fees and expenses pursuant to Fed. R. Civ. P. 54(d)(2), Local Rule 54-5, and 15 U.S.C. § 15.

Counsel for the Best Buy Plaintiffs and Defendant HannStar Display Corporation ("HannStar") have met and conferred regarding this motion in satisfaction of Local Rule 7-3. (See Declaration of Roman Silberfeld ¶19.) This motion is based on this Notice of Motion and Memorandum of Points and Authorities, the Declarations of Donald W. Carlson, Roman Silberfeld and Michael Geibelson, the records and files of this action and any other matters that may properly be subject to judicial notice, and any oral argument that the Court may choose to permit.

# I.

# INTRODUCTION

This Court entered judgment in favor of the Best Buy Plaintiffs and against HannStar on September 4, 2013, following a six week trial in which a ten person jury unanimously found that HannStar had participated in a conspiracy to fix the prices of LCD panels thereby injuring the Best Buy Plaintiffs, entitling them to an award of $7,471,943.00 in damages.[1]

The judgment followed nearly three years of active litigation involving a complex set of facts, dozens of witnesses, numerous experts and millions of documents—most of which had to be translated into English. Pre-trial proceedings encompassed discovery motions, dispositive motions and other motions involving multiple parties and complex legal issues. To the extent possible, the Best Buy Plaintiffs coordinated their legal work

---

[1] The Best Buy Plaintiffs have concurrently filed a motion to amend the September 4, 2013 Judgment to reflect the mandatory trebling required by federal and state antitrust law.

1  with other plaintiffs' counsel and, when possible, shared costs, in order to pursue their
2  claims in an efficient and cost effective manner.

3  Federal and state antitrust statutes provide for an award of attorneys' fees and costs
4  to the Best Buy Plaintiffs following the entry of a Judgment in its favor. Accordingly, the
5  Best Buy Plaintiffs seek an award of attorneys' fees and costs incurred as reasonable and
6  necessary in the successful prosecution of their antitrust claims against HannStar.[2]

## II.

## ARGUMENT

Minnesota Stat. § 325D.57 provides in relevant part: "Any person, any governmental body, or the state of Minnesota or any of its subdivisions or agencies, injured directly or indirectly by a violation of sections 325D.49 to 325D.66, shall recover three times the actual damages sustained, together with costs and disbursements, including reasonable attorneys' fees." Section 4 of the Clayton Act states that, "any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor . . . and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15.

Reasonable fees and costs include fees for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest in the pursuit of a successful recovery of anti-trust damages." *Twin City Sportservice, Inc., v. Finley & Co., Inc.*, 676 F.2d 1291 (9th Cir. 1982). This award is mandatory—not discretionary—as the purpose is to insulate a plaintiff's damages recovery from expenditures of fees or costs, consistent with section 4's purpose to encourage private persons to undertake enforcement of antitrust laws. *Perkins v. Standard Oil Co.,* 474 F.2d 549 (9th Cir. 1973), cert. denied, 412 U.S. 940, amended on other grounds, 9th Cir. 487 F.2d 672.

---

[2] The instant motion includes taxable costs that the Best Buy Plaintiffs seek to recover in their concurrently filed Bill of Costs.

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

The customary method for determining the reasonableness of attorney's fees is known as the lodestar method. *Masimo Corp. v. Tyco Health Care Group, L.P.,* 2007 U.S. Dist. LEXIS 101987 (C.D. Cal. Nov. 5, 2007) (applying the lodestar method to determining reasonable attorneys' fees under 15 U.S.C. §15); *Morales v. San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). According to the lodestar method, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court may make upward or downward adjustments to the "presumptively reasonable" lodestar figure. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975).

In determining a reasonable amount of attorney's fees, factors to consider include: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, ... [and] (4) the results obtained." *Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988)); *see also Yahoo!, Inc.! v. Net Games, Inc.*, 329 F. Supp. 2d 1179, 1182 (N.D. Cal. 2004) (considering the contingent nature of the fee agreement as one of the factors that have been deemed subsumed in the initial lodestar calculation). A court, however, is not required to consider every factor. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).

**A. The Best Buy Plaintiffs' requested fees and costs are reasonable.**

The complexity of the issues in this case supports the reasonableness of the Best Buy Plaintiffs' request for an award of fees and costs. The activities which gave rise to this lawsuit began as early as 1998 and continued through 2006. The price-fixing conspiracy involved multiple parties both in the United States and abroad, criminal prosecutions, pleas, convictions, hundreds of witnesses, and years of litigation. As this Court is well aware, the Best Buy Plaintiffs responded to multiple summary judgment motions seeking to dispose of issues related to the scope of the conspiracy, the defenses of downstream pass-on and mitigation, and the corporate relationships between the conspirator families under the *ATM Fee* decision, amongst other issues.

The bulk of the pre-trial work on this case involved responding to defendants' discovery and to proving the extent and scope of the LCD price fixing conspiracy. The fees and costs submitted with this motion reflect that, throughout the pendency of this case, both defendants and plaintiffs have worked collectively to complete discovery and to brief the voluminous motions that have come before Special Master Quinn and this Court as expeditiously as possible. In this regard, it is important to note that HannStar was specifically designated by the defendant group to direct discovery of the Best Buy Plaintiffs. In such capacity, HannStar noticed twelve fact depositions of Best Buy employees and HannStar also took the lead for the defendants in deposing the experts hired by the Best Buy Plaintiffs.

Over the course of their pre-trial involvement in this litigation, the Best Buy Plaintiffs worked closely with counsel for the plaintiff classes as well as counsel for other direct action plaintiffs to efficiently prosecute this case. As set forth in the attached declarations of Roman Silberfeld and Michael Geibelson, the detailed billing records of the Robins, Kaplan, Miller & Ciresi LLP attorneys who have worked on this case were carefully reviewed, as were the costs expended in prosecuting this litigation.

As this Court is aware, the trial of this action extended from July 22, 2013 to September 3, 2013. At trial, the Best Buy Plaintiffs were required to, and did, establish the existence and scope of the overarching conspiracy as well as HannStar's participation in the conspiracy. Over 44 witnesses were examined at trial, either in person or via video presentation, including multiple experts. In addition to the lengthy preparation required to examine live witnesses, often through interpreters, the video presentations required extensive review, cutting and re-cutting, following the submission of objections ruled on by this Court. During trial the Best Buy Plaintiffs were required to brief multiple motions filed jointly by the defendants, including multiple Rule 50 motions, as well as their own motions aimed at precluding defendants from using unauthorized methods of examination and improper evidence.

As detailed in the Declaration of Donald W. Carlson, counsels' rates charged in successfully pursuing the Best Buy Plaintiffs' claims against HannStar are reasonable rates in the Northern District of California considering the skill and experience of the attorneys representing the Best Buy Plaintiffs. Litigation counsel has extensive experience in jury trials as well as specific experience in complex antitrust matters. Lead counsel, Roman Silberfeld is an experienced trial attorney and member of the International Academy of Trial Lawyers who has tried more than 80 jury trials over the course of his career. The remaining members of the litigation team are also highly qualified trial and litigation attorneys and their relevant experience is discussed in more detail in their professional biographies. See Declaration of Michael Geibelson at Exhibit B. The experience and the quality of counsel representing the Best Buy Plaintiffs in this case further supports the reasonableness of the fee request.

Counsel for the Best Buy Plaintiffs has segregated out from this fee application, to the extent possible, any costs and fees directly related to separate proceedings involving Toshiba as well as fees relating to pre-trial settlements with other defendants, among others. Based upon the review of the detailed billing entries, various entries were removed from the detailed billing report totalling 3,600.9 hours with a time value of $1,255,815. These amounts reflect reductions of 11.9% (hours) and 11.59% (value) respectively. These reductions leave reduced totals of hours and time of 26,652.1 (hours) and $9,582,221.00 (value). (See Declaration of Michael Geibelson ¶16.)

In addition, recognizing that some portion of the remaining time (after reductions) may be attributable to tasks which are difficult or impossible to distinguish from those which are indivisible from time that is properly claimed, the Best Buy Plaintiffs have applied an additional reduction of 5% for all such items. This additional "catch-all" 5% reduction represents 1332.6 hours and $479,111.05 and leaves a remaining total of 25,319.50 hours and $9,103,109.95. It is this amount in fees that is claimed by the Best Buy Plaintiffs in its motion. (See Declaration of Michael Geibelson ¶17.)

1 As revised, and after all deductions, the Best Buy Plaintiffs seek recovery of fees
2 for a total of 25,319.50 hours worked in the total sum of $9,103,109.95. The Best Buy
3 Plaintiffs also seek recovery of the costs of suit incurred by them which, after all
4 reductions, total $8,550,525.26. Together, these amounts total $17,653,635.21. (See
5 Declaration of Roman Silberfeld ¶16.)

**B. The Best Buy Plaintiffs' Right to an Award of Fees and Costs is Not Impacted By Settlements with Other Defendants.**

"[T]he effect of a settlement on the plaintiff's recovery of compensatory damages has no effect on a plaintiff's right to recover attorneys' fees." *See Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695 F.3d 330, 336-342 (5th Cir. 2012); *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, 995 F.2d 414, 419 (3d Cir. 1993); *Sciambra v. Graham News*, 892 F.2d 411, 415 (5th Cir. 1990).

In *Sciambra*, the Fifth Circuit found that in order to recover attorneys' fees pursuant to section 4, a plaintiff must only "show with some particularity an element of actual damage caused by the defendant's violations of the antitrust laws." *Sciambra*, 892 F.2d at 416. "Nothing in section 4 indicates that the availability of one type of relief is dependent on the award of another. Indeed, a plain reading of section 4 suggests that the only issue relevant in determining the recoverability of attorneys' fees is whether the plaintiff has been 'injured in his business or property.'" *Id.* (internal quotation omitted.) In *Sciambra*, the Court held that the plaintiff's recovery of compensatory damages through settlements which completely off-set any award at trial had "no effect on a plaintiff's right to recover attorneys' fees." *Id.* at 416.

In *Gulfstream III*, the Third Circuit agreed with the Fifth Circuit's reasoning in *Sciambra* holding:

> An antitrust plaintiff who has proven to the satisfaction of the fact finder that defendant violated the antitrust laws and has established the fact of damage has established the prerequisites for defendant's liability and its own entitlement

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  to attorneys' fees . . . . […].  Although in almost all cases an
2  award of compensatory damages will accompany an award of
3  section 4 attorneys' fees, the latter is not dependent upon the
4  former. As the court in *Sciambra* noted, 'an antitrust defendant
5  that causes injury should not be spared liability for attorneys'
6  fees simply because a previous settlement turns out in
7  retrospect to preclude a compensatory damage award.' […]
8  Any other holding would not only deter the private
9  prosecution of antitrust violations, which is a critical element
10 in the antitrust enforcement scheme and the primary reason
11 attorneys' fees are mandatory under the statute, […] but could
12 also deter plaintiffs from early settlements with some
13 defendants.

*Id* at 419.

Last year, in *Funeral Consumers,* the Fifth Circuit again confirmed a plaintiff's right to recover attorneys' fees where the amount of a judgment is completely offset by settlements and reaffirmed the logic of *Sciambra* and *Gulfstream III*.  *See Funeral Consumers Alliance, Inc.*, 695 F.3d at 336-342. The Court also reiterated its earlier holdings, and the holdings of other circuits, that a plaintiff's right to attorneys' fees under the Clayton Act "is accorded to the injured party, not his counsel." *Id*. at 337.

In cartel cases, like this one, there are often multiple conspirators involved, and early settlements facilitate the efficiency of trying these cases. In this case, the Best Buy Plaintiffs initially sued as many as 10 defendant corporate families, before settling with all but two before trial.  Such settlements do not, and should not, extinguish the Best Buy Plaintiffs' entitlement to an award of fees and costs for their successful prosecution of HannStar for violations of federal and state antitrust law.

The same analysis applies to the Best Buy Plaintiffs' Minnesota state law claims as "Minnesota courts have consistently held that Minnesota antitrust law is to be interpreted

consistently with the federal courts' construction of federal antitrust law." *See State by Humphrey v. Alpine Air Products, Inc.*, 490 N.W.2d 888, 891 (Minn. Ct. App. 1992) (*citing Keating v. Philip Morris, Inc.*, 417 N.W.2d 132, 136 (Minn. App. 1987)).

## III.
## CONCLUSION

For these reasons, the Court should award the Best Buy Plaintiffs' reasonable fees of $9,103,109.95 and costs of $8,550,525.26 for a total of $17,653,635.21.

Dated:  September 18, 2013

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By:   /s/ Roman M. Silberfeld
 Roman M. Silberfeld
 Bernice Conn
 Michael A. Geibelson
 David Martinez
 Laura E. Nelson

Attorneys For Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.