ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
Roman M. Silberfeld, Bar No. 62783
RMSilberfeld@rkmc.com
Bernice Conn, Bar No. 161594
BConn@rkmc.com
Michael A. Geibelson, Bar No. 179970
MAGeibelson@rkmc.com
David Martinez, Bar No. 193183
DMartinez@rkmc.com
Laura E. Nelson, Bar No. 231856
LENelson@rkmc.com
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  (310) 552-0130
Facsimile:  (310) 229-5800

*Attorneys For Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; and Magnolia Hi-Fi, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. 07-MD-1827 SI<br>MDL No. 1827 |
| This Document Relates To:<br><br>*Best Buy Co., Inc. v. AU Optronics Corp., et al.*,<br>Case No. 10-CV-4572 SI | Individual Case:<br>Case No. 10-CV-4572<br><br>**THE BEST BUY PLAINTFFS' MOTION TO AMEND THE SEPTEMBER 4, 2013 JUDGMENT AGAINST HANNSTAR TO REFLECT TREBLE DAMAGES AND [PROPOSED] ORDER**<br><br>Date:     November 1, 2013<br>Time:     9:00 a.m.<br>Courtroom:     10, 19th Floor<br><br>The Honorable Susan Illston |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

NOTICE IS HEREBY GIVEN that on November 1, 2013 at 9:00 a.m. or as soon thereafter as the matter may be heard by the Honorable Susan Illston, Plaintiffs Best Buy Co., Best Buy Purchasing LLC, Best Buy Enterprise Services Inc., Best Buy Stores L.P., Bestbuy.com LLC, and Magnolia Hi-Fi, Inc. ("the Best Buy Plaintiffs") seek an order amending the September 4, 2013 judgment against HannStar Display Corporation ("HannStar") pursuant to Fed. R. Civ. P. 59(e) and 60(b), and 15 U.S.C. § 15.

Counsel for the Best Buy Plaintiffs and HannStar have met and conferred regarding this motion in satisfaction of Local Rule 7-3. (See Declaration of Roman Silberfeld ¶2 .) This motion is based on this Notice of Motion and Memorandum of Points and Authorities, the Declarations of Roman Silberfeld, the records and files of this action and any other matters that may properly be subject to judicial notice, and any oral argument that the Court may choose to permit.

# I.
# INTRODUCTION

The Court entered of judgment in favor of the Best Buy Plaintiffs and against HannStar on September 4, 2013 in the amount of $7,471,943 -- the amount of damages awarded by the jury on September 3, 2013. However, pursuant to 15 U.S.C. § 15 and Minn. Stat. § § 325D.57, the Best Buy Plaintiffs are entitled to a treble damage award. Accordingly, the Best Buy Plaintiffs respectfully request that the Court amend the September 4, 2013 Judgment to reflect a trebled damage award of $22,415,829 in favor of the Best Buy Plaintiffs and against HannStar.

# II.
# ARGUMENT

In 2010, the Best Buy Plaintiffs sued HannStar for conspiring to fix the price of LCD panels in violation of the Sherman Act and Minnesota state law. After a six-week trial, on September 3, 2013, a jury found HannStar liable for its participation in the LCD price-fixing conspiracy, and awarded the Best Buy Plaintiffs damages in the amount of

$7,471,943. Dkt. 8562. This Court entered a judgment in favor of the Best Buy Plaintiffs in the same amount the next day. Dkt. 8571.

The Federal Rules of Civil Procedure provide that a party may file a "motion to alter or amend a judgment" no later than twenty-eight days after entry of judgment. Fed. R. Civ. P. 59(e). Rule 59 (e) permits the Court to correct errors of law or fact in the judgment or incorporate newly discovered evidence into the judgment. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). Pursuant to Rule 59(e), the Court may reconsider matters that are encompassed by the original decision on the merits and "may generally examine the correctness of the judgment itself." *Ray E. Friedman & Co. v. Jenkins*, 824 F.2d 657, 660 (8th Cir. 1987).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error. Additionally, the Court has the power to amend any Judgment for "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b).

15 U.S.C. §15 provides in relevant part:

> (a) Amount of recovery; prejudgment interest. Except as provided in subsection (b), any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the

> United States . . .and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

Similarly, Minnesota Stat. § 325D.57 provides in relevant part:

> Any person, any governmental body, or the state of Minnesota or any of its subdivisions or agencies, injured directly or indirectly by a violation of sections 325D.49 to 325D.66, shall recover three times the actual damages sustained, together with costs and disbursements, including reasonable attorneys' fees.

The treble damage provision of 15 U.S.C. § 15 "was designed to stimulate the interest of private persons in maintaining a free and competitive economy." *Flintkote Co. v. Lysfjord*, 246 F.2d 368 (9th Cir. 1957). Minnesota antitrust law is interpreted consistently with federal case law developed under the Sherman [Antitrust] Act. *State by Humphrey v. Road Constructors, Inc.*, 474 N.W.2d 224, 225 n.1 (Minn. App. 1991), review denied (Minn. Oct. 31, 1991).

Accordingly, the Best Buy Plaintiffs request that, pursuant to Fed. R. Civ. P. 59(e) and 60(b), this Court amend the September 4, 2013 Judgment to reflect a trebled damage award of $22,415,829 in favor of the Best Buy Plaintiffs and against HannStar.

## III.
## CONCLUSION

For all of the above-stated reasons, the Best Buy Plaintiffs respectfully request that the Court grant this motion and enter an amended Order and Judgment.

| | |
|---|---|
| Dated: September 18, 2013 | ROBINS, KAPLAN, MILLER & CIRESI L.L.P.<br><br>By:  /s/ Roman M. Silberfeld<br>    Roman M. Silberfeld<br>    Bernice Conn<br>    Michael A. Geibelson<br>    David Martinez<br>    Laura E. Nelson<br><br>Attorneys For Plaintiffs<br>BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC. |

IT IS SO ORDERED.

Dated: _____, 2013

_____
Hon. Susan Illston, United States District Judge

---

Case No. 3:07-CV-1827 SI
84188759.2

- 4 -

THE BEST BUY PLAINTIFFS' MOTION TO AMEND THE JUDGMENT