1  ROBERT E. FREITAS (SBN 80948)
     rfreitas@ftklaw.com
2  JASON S. ANGELL (SBN 221607)
     jangell@ftklaw.com
3  JESSICA N. LEAL (SBN 267232)
     jleal@ftklaw.com
4  FREITAS TSENG & KAUFMAN LLP
   100 Marine Parkway, Suite 200
5  Redwood Shores, California 94065
   Telephone:    (650) 593-6300
6  Facsimile:    (650) 593-6301

7  Attorneys for Defendant
   HannStar Display Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. 3:07-md-1827-SI<br><br>**MDL No. 1827** |
| *Best Buy Co., Inc., et al. v. AU Optronics Corp., et al.,* No. 10-cv-4572 SI | **HANNSTAR DISPLAY CORPORATION'S OPPOSITION TO THE BEST BUY PLAINTIFFS' MOTION TO AMEND THE SEPTEMBER 4, 2013 JUDGMENT AGAINST HANNSTAR TO REFLECT TREBLE DAMAGES** |

The motion by Best Buy Co., Best Buy Purchasing LLC, Best Buy Enterprise Services Inc., Best Buy Stores L.P., Bestbuy.com LLC, and Magnolia Hi-Fi, Inc. to amend the September 4, 2013 judgment against HannStar Display Corporation ("HannStar") to reflect treble damages should be denied. There is no reason to "reflect treble damages" because no damages will be awarded to any plaintiff. Before entry of judgment, the damages found by the jury should be trebled and then reduced by the amount of prior settlements. It is undisputed that the settlement offset exceeds the trebled amount of the jury's Question 9 total, and no plaintiff is therefore entitled to any damage recovery. In addition, no evidence of a joint right to recovery was presented, and there is no basis for entry of a judgment in favor of all plaintiffs.

## I. WHEN PRIOR SETTLEMENT PAYMENTS ARE DEDUCTED, THE PLAINTIFFS ARE NOT ENTITLED TO ANY RECOVERY.

Judgment in the amount of $7,471,943, the amount set forth in the jury's answer to Question 9, was entered in favor of "the Best Buy plaintiffs" and against HannStar on September 4, 2013. MDL Dkt. No. 8571. The judgment was entered without consideration of the offset that results from settlements made by the plaintiffs with other parties. HannStar has filed a motion to vacate the judgment because judgment was entered without consideration of the settlement offset. *See* MDL Dkt. No. 8608.

After trebling, the amount of the Question 9 total would be $22,415,829. Settlement payments by other parties in the amount of $229,000,000, more than ten times the trebled Question 9 total, have been acknowledged by the plaintiffs.[1] *See* Declaration of Roman M. Silberfeld In Support of the Best Buy Plaintiffs' Motion for Fees and Costs ¶ 12 (MDL Dkt. No. 8610-1) ("Silberfeld Decl."). Under the controlling law described herein, the verdict amount (after trebling) must be reduced by the amounts of the settlements. Therefore, no damages should be awarded when judgment is entered.

///

///

---

[1] HannStar is prepared to present evidence of additional settlement payments and non-cash consideration not yet acknowledged by the plaintiffs.

## II. THE PLAINTIFFS WRONGLY IGNORE THE SETTLEMENT OFFSET.

The plaintiffs provide no case law to support their request to amend the judgment to reflect trebling of the Question 9 total. It is a "fundamental principle that a payment made by a joint tortfeasor diminishes the claim against the remaining tortfeasors." *Seymour v. Summa Vista Cinema, Inc.*, 809 F.2d 1385, 1389 (9th Cir. 1987) (*citing* Restatement (Second) of Torts § 885(3) (1977)); *Husky Refining Co. v. Barnes*, 119 F.2d 715, 716 (9th Cir. 1941) (stating general rule that "whether the tortfeasors be joint or independent, the injured party is entitled to no more than compensation for his injury; and that consideration received from one, for the release of any claim against him, operates to reduce pro tanto the amount recoverable from the other"); *In re Piper Aircraft*, 792 F. Supp. 1189, 1190-91 (N.D. Cal. 1992) (holding that defendant "is entitled to a set off for economic damages previously compensated through the settlement agreement"). It is well settled that the appropriate offset procedure in antitrust cases is first to treble the amount of the damage award and then to deduct any prior settlement amounts from the trebled amount. *See Flintkote Co. v. Lysfjord*, 246 F.2d 368, 298 (9th Cir. 1957) (holding that it is "proper to deduct [the settlement] sum from the trebled amount"). Cases applying *Flintkote* "have uniformly accepted its rule" to deduct settlement amounts from the trebled award. *In re Nat'l Mortg. Equity Corp. Mortg. Pool Certificates Sec. Litig.*, 636 F. Supp. 1138, 1151-52 (C.D. Cal. 1986) (applying *Flintkote* and finding that "settlement payments should be deducted from the award against the non-settling defendant(s) *after* actual damages are trebled") (emphasis in original).

Before proceeding to trial against Toshiba and HannStar, the plaintiffs settled their claims against numerous other alleged co-conspirators. The plaintiffs acknowledge "settlements with multiple parties under which they will receive a total of $229 million." *See* Silberfeld Decl. ¶ 12. Because the deduction of $229,000,000 in settlements from the $22,415,829 in trebled damages results in a negative dollar amount, no damages should be awarded. *See William Inglis & Sons Baking Co. v. Cont'l Baking Co., Inc.*, 981 F.2d 1023, 1024 (9th Cir. 1992) (determining that set off produced "ultimate judgment" for "no damages"); *In re Hawaii Fed. Asbestos Cases*, 960 F.2d 806, 809 (9th Cir. 1992) (reciting that trial court entered final judgment "after reducing the

awards to account for amounts received in settlement"); *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 576 (9th Cir. 1992) (stating that trial court entered judgment on jury verdict "after crediting . . . the amount paid to settle [related] suit").

A judgment in the amount of anything more than zero dollars would lead to absurd results: the plaintiffs would have a judgment for tens of millions of dollars that they would have no right to collect because, under undisputed law, HannStar is entitled to offset the trebled damages with hundreds of millions of dollars of settlements. After trebling and offset, simple arithmetic establishes that the recoverable damages amount cannot be anything other than zero.

## III. CONCLUSION.

For the above stated reasons, the plaintiffs' motion to amend the judgment should be denied. HannStar's Motion to Vacate Judgment Pursuant to Federal Rules of Civil Procedure 60(b) should be granted.

Dated: October 1, 2013　　　　　　　　　　　　FREITAS TSENG & KAUFMAN LLP

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Robert E. Freitas*
　　　　　　　　　　　　　　　　　　　　　　　Robert E. Freitas
　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　　HannStar Display Corporation