1  ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
   Roman M. Silberfeld, Bar No. 62783
2  RMSilberfeld@rkmc.com
   Bernice Conn, Bar No. 161594
3  BConn@rkmc.com
   Michael A. Geibelson, Bar No. 179970
4  MAGeibelson@rkmc.com
   David Martinez, Bar No. 193183
5  DMartinez@rkmc.com
   Laura E. Nelson, Bar No. 231856
6  LENelson@rkmc.com
   2049 Century Park East, Suite 3400
7  Los Angeles, CA  90067-3208
   Telephone:  (310) 552-0130
8  Facsimile:  (310) 229-5800

*Attorneys For Plaintiffs Best Buy Co., Inc.; Best Buy Purchasing LLC; Best Buy Enterprise Services, Inc.; Best Buy Stores, L.P.; BestBuy.com, L.L.C.; and Magnolia Hi-Fi, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | Master File No. 07-MD-1827 SI<br>MDL No. 1827 |
| This Document Relates To:<br><br>*Best Buy Co., Inc. v. AU Optronics Corp., et al.,* Case No. 10-CV-4572 SI | Individual Case:<br>Case No. 10-CV-4572<br><br>**THE BEST BUY PLAINTIFFS' OPPOSITION TO HANNSTAR'S MOTION TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)**<br><br>Date: November 8, 2013<br>Time: 9:00 a.m.<br>Courtroom: 10, 19th Floor<br><br>The Honorable Susan Illston |

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

Plaintiffs Best Buy Co., Best Buy Purchasing LLC, Best Buy Enterprise Services Inc., Best Buy Stores L.P., Bestbuy.com LLC, and Magnolia Hi-Fi, Inc. ("the Best Buy Plaintiffs") hereby respectfully submit their opposition to HannStar's Motion to Vacate Judgment, as follows:

# I.

# INTRODUCTION

After deliberating over the evidence admitted in a six week trial, on September 3, 2013, the jury unanimously found that HannStar participated in a conspiracy to fix, raise and maintain prices in violation of the Sherman Act and caused an antitrust injury to the Best Buy Plaintiffs.[1] The next day, the Court entered judgment in favor of the Best Buy Plaintiffs and against HannStar in the amount of $7,471,943 -- the amount of damages awarded by the jury ("the Judgment"). Dkt. 8571. That amount is required to be trebled pursuant to 15 U.S.C. § 15 for the reasons set forth in the Best Buy Plaintiffs' pending Motion to Amend the Judgment (Doc. 8611). HannStar's motion to vacate the Judgment on the grounds that the Court purportedly erred in failing to consider any offsets due from prior settlements is contrary to law and should be denied.

It is well-settled that the Court must treble any damages award under 15 U.S.C. § 15(a) prior to considering any offsets from prior settlements. *Flintkote Co. v. Lysfjord*, 246 F.2d 368, 398 (9th Cir. 1957). Moreover, settlements which offset the amount of a judgment, in whole or part, impact the satisfaction of the judgment, not the entry of judgment.

Here, the Best Buy Plaintiffs have moved for an Order trebling the Judgment under Section 15(a), and that motion is currently pending. Dkt. 8611. The Best Buy Plaintiffs have also moved for an award of fees and costs under Section 15(a) (Dkt. 8610), and it is well-settled that the effect of a settlement on the recovery of compensatory damages has

---

[1] Dkt. 8562, at pgs. 2:11-13; 4:23-25.

no effect on a plaintiff's right to recover attorneys' fees under Section 4 of the Clayton Act or Minnesota Stat. § 325D.57.

Following entry of an amended Judgment, HannStar's proper remedy is to then move for an Order establishing satisfaction of the Judgment's damages award component based on prior settlements.

Finally, HannStar's request for the production of the Best Buy Plaintiffs' recent settlement agreements is moot, as those agreements have been produced. For these reasons, the Court should deny HannStar's Motion.

## II.

## VACATING THE JUDGMENT WOULD BE ERROR; THE PROPER PROCEDURE TO CREDIT SETTLEMENT OFFSETS IS A PARTIAL SATISFACTION OF JUDGMENT

In its most recent public filing, Best Buy stated that it has entered into (although it has not yet received payments for) settlements in this case totaling $229 million.[2] Thus, the Best Buy Plaintiffs' have a contingent expectation of receiving more than the amount of the trebled compensatory damage award against HannStar. However, these settlements do not extinguish the jury's verdict or the Best Buy Plaintiffs' entitlement to recover attorneys' fees and costs under 15 U.S.C. § 15 or Minnesota Stat. § 325D.57.

The proper procedure requires settlement payments to be offset against the trebled damage award; HannStar's proper remedy is to then move the Court for an Order acknowledging partial satisfaction of the Judgment. That is the procedure set forth in the Federal Rules of Civil Procedure, and the portions of the California Code of Civil

---

[2] In Best Buy's report of Second Quarter Results, it stated that: "During Q2 FY14, the company reached legal settlements with multiple defendants under which it will receive a total of $229 million, net of litigation costs (approximately $30 million in cash was received in Q2 FY14, with the remainder to be received in installments over the next eight quarters). These settlements were the result of a lawsuit filed by the company, as disclosed in the company's most recent Form 10-Q, that alleges price fixing by certain manufacturers of TFT-LCD panels from 1998 to 2006." *See* http://investors.bestbuy.com/phoenix.zhtml?c=83192&p=irol-newsArticle&ID=1848633&highlight= (last accessed 9/27/13).

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

1  Procedure incorporated by those Rules. And, because the Best Buy Plaintiffs have an
2  independent right to recover attorneys' fees and costs irrespective of the amount of the
3  trebled verdict and offsetting settlement payments, the partial satisfaction of Judgment
4  applies only to the Judgment's compensatory damages component. The Judgment is not
5  vacated by the offsetting settlement payments. *See e.g.*, "[T]he effect of a settlement on
6  the plaintiff's recovery of compensatory damages has no effect on a plaintiff's right to
7  recover attorneys' fees." *See Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, 695
8  F.3d 330, 336-342 (5th Cir. 2012); *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace
9  Corp.*, 995 F.2d 414, 419 (3d Cir. 1993); *Sciambra v. Graham News*, 892 F.2d 411, 415
10  (5th Cir. 1990).

Federal Rule of Civil Procedure 69(a) provides that "The procedure on execution—and ***in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located***, but a federal statute governs to the extent it applies." (Emphasis added.) Because settlement payments cannot satisfy a defendant's obligation to pay attorneys' fees and costs where a plaintiff has shown that the defendant caused an antitrust injury, such settlement payments alone could only ever result in the partial satisfaction of judgment. The procedures created by the California Code of Civil Procedure relating to the partial satisfaction of judgment are set forth in Sections 724.110, *et seq*.

Under Section 724.110(a), a judgment debtor (HannStar) is permitted to demand that the judgment creditors (the Best Buy Plaintiffs) acknowledge the partial satisfaction of judgment; and, if the judgment has been partially satisfied, the judgment creditor is required to respond to the demand within 15 days, or the judgment creditor may bring a motion for an order requiring the judgment creditor to acknowledge the partial satisfaction of judgment.[3] Thus, Section 724.110 provides the mechanism by which to account for a

---

[3] Section 724.110(a) provides in its entirety as follows: "(a) The judgment debtor or the owner of real or personal property subject to a judgment lien created under a money judgment may serve on the judgment creditor a demand in writing that the judgment creditor execute, acknowledge, and deliver an acknowledgment of partial satisfaction of

settlement which partially satisfies a judgment. *See Jhaveri v. Teitelbaum*, 176 Cal. App. 4th 740, 98 Cal. Rptr. 3d 268, 278 (2009) ("An order under [C.C.P.] section 724.110 directing a plaintiff to execute and deliver a partial satisfaction of judgment is the appropriate means by which a codebtor on a judgment may be credited with money received by the plaintiff in offset against the judgment."); cited with approval by *Aguiluz v. Jaffe (In re Aguiluz)*, 2011 Bankr. LEXIS 4344 (B.A.P. 9th Cir. July 12, 2011).

As is explained in the Best Buy Plaintiffs' pending Motion to Amend the Judgment, before any settlement offsets and partial satisfaction can be acknowledged, the Judgment first must be trebled. Following entry of the amended Judgment, HannStar may demand that the Best Buy Plaintiffs acknowledge the partial satisfaction of judgment resulting from prior offsetting settlements. If the Best Buy Plaintiffs fail to timely respond, then Section 724.110(b) provides HannStar with the right to move the Court for an order "determining the amount of the partial satisfaction" and for an order requiring the Best Buy Plaintiffs to comply with their demand."[4] As the record stands at this time, however, the Court cannot determine the amount of any partial satisfaction of Judgment to be credited or the amount of the resulting Judgment following the offset of prior settlements.

---

judgment to the person who made the demand. Service shall be made personally or by mail. If the judgment has been partially satisfied, the judgment creditor shall comply with the demand not later than 15 days after actual receipt of the demand."

[4] Section 724.110(b) provides in its entirety as follows: "(b) If the judgment creditor does not comply with the demand within the time allowed, the judgment debtor or the owner of the real or personal property subject to a judgment lien created under the judgment may apply to the court on noticed motion for an order requiring the judgment creditor to comply with the demand. The notice of motion shall be served on the judgment creditor. Service shall be made personally or by mail. If the court determines that the judgment has been partially satisfied and that the judgment creditor has not complied with the demand, the court shall make an order determining the amount of the partial satisfaction and may make an order requiring the judgment creditor to comply with the demand.

| Case No. 3:07-CV-1827 SI | - 5 - | BEST BUY'S OPP TO HANNSTAR'S MOTION TO VACATE JUDGMENT |
| 84224809.1 | | |

# III.

# VACATING THE JUDGMENT WOULD BE ERROR BECAUSE THE BEST BUY PLAINTIFFS ARE ENTITLED TO JUDGMENT FOLLOWING THE JURY'S VERDICT THAT HANNSTAR IS LIABLE FOR CAUSING ITS ANTITRUST INJURY

The Court did not err, as HannStar asserts, by failing to consider any offsets for settlements prior to entering the Judgment. Vacating the Judgment because of the Best Buy Plaintiffs' settlements with other defendants would be error for two principal reasons. First, the amount of a settlement offset is properly considered only after an award under the Sherman Act is trebled. Second, the Judgment cannot be vacated because the jury's finding that HannStar violated the Sherman Act and caused the Best Buy Plaintiffs to suffer an antitrust injury and damages entitles the Best Buy Plaintiffs to judgment and an award of attorneys' fees and costs thereafter.

## A. Settlement Offsets Are Not Applied Until After Trebling

Settlement offsets against a judgment are applied after the Court trebles the jury's damage award under Section 15(a). *See Flintkote Co.*, 246 F.2d at 398. In *Flintkote*, the Ninth Circuit held that any offset must be calculated as against trebled damages under Section 15(a). It explained that a contrary "construction of the treble damage provisions would do violence to the clear intent of Congress." *Id.* at 398. This is because "[t]he private antitrust action is an important and effective method of combating unlawful and destructive business practices," and "[t]he treble damages provision was designed to foster and stimulate the interest of private persons in maintaining a free and competitive economy." *Id.*

Here, the Best Buy Plaintiffs have moved to amend the Judgment against HannStar to reflect treble damages under Section 15(a). Dkt. 8611. That motion is currently set for hearing on November 8, 2013. Because the consideration of any offset prior to trebling is improper and "would do violence to the clear intent of Congress," the Court should grant

1  the Best Buy Plaintiffs' motion to amend the Judgment, and deny HannStar's motion to
2  vacate. *Flintkote*, 246 F.2d at 398. While HannStar suggests that prior settlements will
3  satisfy the Judgment even after trebling, this of course does not mean that the Court
4  should forgo trebling in the first instance, nor that the Judgment should be vacated. Doing
5  so would improperly negate the jury's verdict that HannStar participated in a price-fixing
6  conspiracy in violation of the Sherman Act that caused the Best Buy Plaintiffs to suffer an
7  antitrust injury and damages.

### B. The Best Buy Plaintiffs Are Entitled to Judgment in Their Favor, and An Award of Attorneys' Fees and Costs Thereafter.

The Judgment also should not be vacated because the Best Buy plaintiffs are entitled to an award of attorneys' fees and costs following the jury's verdict in their favor. On September 18, 2013, the Best Buy Plaintiffs filed a motion for fees under Section 15(a) and costs (although briefing is not yet complete). Dkt. 8610. Their entitlement to fees under Section 15(a) is not terminated by offsets from settlements with other defendants. As is explained more fully in the pending motion, "the effect of a settlement on the plaintiff's recovery of compensatory damages has no effect on a plaintiff's right to recover attorneys' fees." *See Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l*, *supra*; *Gulfstream III Assocs., Inc. v. Gulfstream Aerospace Corp.*, *supra*; *Sciambra v. Graham News*, *supra*.

Instead, "the only issue relevant in determining the recoverability of attorneys' fees is whether the plaintiff has been 'injured in his business or property.'" *Sciambra,* 892 F.2d at 416 (holding that complete offset of compensatory damages award at trial had "no effect on a plaintiff's right to recover attorneys' fees."). As the Third Circuit explained in *Gulfstream III*:

> An antitrust plaintiff who has proven to the satisfaction of the fact finder that defendant violated the antitrust laws and has established the fact of damage has established the prerequisites for defendant's liability and its own entitlement to attorneys' fees . . . . […]. Although in almost all cases an award of compensatory damages will accompany an award of section 4 attorneys' fees, the latter is not dependent upon the former. As the court in

> *Sciambra* noted, 'an antitrust defendant that causes injury should not be spared liability for attorneys' fees simply because a previous settlement turns out in retrospect to preclude a compensatory damage award.' […] Any other holding would not only deter the private prosecution of antitrust violations, which is a critical element in the antitrust enforcement scheme and the primary reason attorneys' fees are mandatory under the statute, […] but could also deter plaintiffs from early settlements with some defendants.

*Id* at 419. [5]

Here, the jury expressly found that HannStar's misconduct caused the Best Buy Plaintiffs to suffer antitrust injury and damages, thus establishing the necessary predicate for an award of fees under Section 15(a). The Court should modify the September 4, 2013 Judgment to treble the damages awarded to the Best Buy Plaintiffs and deny HannStar's Motion to Vacate the Judgment.

## IV.

## CONCLUSION

For these reasons, the Court should deny HannStar's Motion to Vacate the Judgment in its entirety.

Dated: October 1, 2013

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By: /s/ Roman M. Silberfeld
    Roman M. Silberfeld
    Bernice Conn
    Michael A. Geibelson
    David Martinez
    Laura E. Nelson

Attorneys For Plaintiffs
BEST BUY CO., INC.; BEST BUY PURCHASING LLC; BEST BUY ENTERPRISE SERVICES, INC.; BEST BUY STORES, L.P.; BESTBUY.COM, L.L.C.; and MAGNOLIA HI-FI, INC.

---

[5] The same analysis applies to the Best Buy Plaintiffs' Minnesota state law claims as "Minnesota courts have consistently held that Minnesota antitrust law is to be interpreted consistently with the federal courts' construction of federal antitrust law." *See State by Humphrey v. Alpine Air Products, Inc.*, 490 N.W.2d 888, 891 (Minn. Ct. App. 1992) (*citing Keating v. Philip Morris, Inc.*, 417 N.W.2d 132, 136 (Minn. App. 1987)).

Case No. 3:07-CV-1827 SI
84224809.1
- 8 -
BEST BUY'S OPP TO HANNSTAR'S MOTION TO VACATE JUDGMENT